**Richmond**

DANIEL LEE BAILEY

v.

COMMONWEALTH OF VIRGINIA

No. 0385-86

Decided December 1, 1987

332

COUNSEL

Charles C. Cosby, Jr. (Boone, Beale, Cosby & Hyder, on brief), for appellant.

M. Katharine Spong, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.** — On March 28, 1986, David Lee Bailey was convicted of involuntary manslaughter by the Circuit Court of the City of Richmond, sitting without a jury. On appeal, Bailey challenges the sufficiency of the evidence to sustain that conviction. Finding the evidence was sufficient beyond a reasonable doubt, we affirm.

The facts are not significantly in dispute and were primarily established by the testimony of Clarence Baylor, an eyewitness, who testified for the Commonwealth. In the late evening hours of October 9, 1985, Bailey and several friends, including Baylor and Warren Hunter (the victim), were "playing stuff" or "horseplaying" outside of 522 East Richmond Road in Richmond. Bailey was carrying a loaded .38 caliber pistol in his coat pocket during this time. Bailey pulled out the gun and put it back into his pocket. Hunter backed up and fell on the ground. All three men were laughing and there had been no argument or disagreement between Bailey and Hunter. While Hunter was still on the

ground, five to ten feet away, Bailey again removed the gun from his pocket and immediately "the gun went off," the bullet striking Hunter in the back.

Under direct and cross-examination, Baylor described the manner in which Bailey held the gun when he removed it from his pocket the second time. He testified that the gun was held down and "palm up" and that "he [Bailey] just pulled the gun out like this (indicating) and it went off." When told that he had shot Hunter, Bailey immediately attempted to administer a life saving technique (CPR) until an ambulance arrived approximately fifteen minutes later. Hunter died shortly thereafter.

 "Involuntary manslaughter is the killing of one accidentally, contrary to the intention of the parties, in the prosecution of some unlawful, but not felonious, act; or in the improper performance of a lawful act." *Beck v. Commonwealth*, 216 Va. 1, 4, 216 S.E.2d 8, 9-10 (1975)(quoting *Mundy v. Commonwealth*, 144 Va. 609, 615, 131 S.E. 242, 244 (1926)). "When the Commonwealth predicates the charge upon the violation of a statute, it must 'show that such violation was the proximate cause of the homicide.'" *Beck*, 216 Va. at 4, 216 S.E.2d at 10 (quoting *Goodman v. Commonwealth*, 153 Va. 943, 951, 151 S.E. 168, 170 (1930)). Our Supreme Court further refined the definition of involuntary manslaughter in *Gooden v. Commonwealth*, 226 Va. 565, 571, 311 S.E.2d 780, 784 (1984) where the Court stated:

> The "improper" performance of the lawful act, to constitute involuntary manslaughter, must amount to an unlawful commission of such lawful act, not merely a negligent performance. The negligence must be criminal negligence. The accidental killing must be the proximate result of a lawful act performed in a manner "so gross, wanton, and culpable as to show a reckless disregard of human life."

(citations omitted).

Bailey argues that the killing of Hunter was accidental and neither resulted from an unlawful act committed with criminal negligence nor a lawful act performed in a manner so gross, wanton and culpable as to show a reckless disregard for human life. The Commonwealth argues that Bailey's conviction is supported by the evidence under either theory. We agree with the

Commonwealth.

Code § 18.2-56.1(A) provides that "[i]t shall be unlawful for any person to handle recklessly any firearm so as to endanger the life, limb or property of any person." Bailey contends that the evidence is not sufficient to establish that his conduct in handling the gun constituted a violation of this section because first, § 18.2-56.1(A) applies solely to hunters and he was not hunting, and second, that he was not handling the gun recklessly. We disagree. Code § 18.2-56.1(A) is not limited to the activity of hunters; Code § 18.2-56.1(B) provides for additional penalties in cases where firearms are handled recklessly during hunting activities. Bailey's acts of intentionally removing the loaded gun from his pocket and holding it down in the direction of the victim who was lying on the ground no more than five to ten feet away constituted reckless handling of a firearm. Furthermore, under these circumstances it was clearly foreseeable that another could be seriously injured or killed if the gun was discharged. Consequently, Bailey's violation of § 18.2-56.1(A) proximately caused the homicide.

Bailey next contends that even if he did violate the provisions of Code § 18.2-56.1(A), his acts did not constitute involuntary manslaughter because he did not act with criminal negligence. In support of his position, Bailey relies upon *King v. Commonwealth*, 217 Va. 601, 231 S.E.2d 312 (1977). In *King*, the Virginia Supreme Court held that "involuntary manslaughter in the operation of a motor vehicle [is] the accidental killing which, although unintended, is the proximate result of negligence so gross, wanton, and culpable as to show a reckless disregard of human life." *Id.* at 607, 231 S.E.2d at 316. The Court reversed the conviction of King because the evidence merely established that King, in failing to display the headlights on her vehicle, was guilty of only ordinary negligence, an insufficient predicate for a conviction of involuntary manslaughter.

Bailey's reliance on *King* is misplaced. A violation of Code § 18.2-56.1(A), unlike most safety statutes dealing with the operation of motor vehicles, contemplates an inherently dangerous act. Where, as here, the intentional violation of the statute involves an inherently dangerous act which is the proximate cause of the re-

sulting homicide, the killing is involuntary manslaughter.[1]

Finally, Bailey contends that the case of *Mundy v. Commonwealth*, 144 Va. 609, 131 S.E. 242 (1926), is controlling. In *Mundy*, the victim and the defendant were on good terms. The evidence revealed that the victim took a pistol from his pocket, handed it to the defendant with the barrel pointing toward him and the handle pointing toward the defendant. When the defendant took hold of the gun, it accidentally discharged, killing the victim. *Id.* at 612, 131 S.E. at 243. The Court held, on these facts, that the defendant was neither engaged in the prosecution of an unlawful act nor the improper performance of a lawful act. Rather the killing was an unavoidable accident brought about solely by the conduct of the victim. *Mundy* is clearly distinguishable on its facts. Moreover, as the Commonwealth has correctly pointed out, the following language of *Mundy* distinguishes it from the present case: "This is not a case where one carelessly and negligently, but without malice, discharged a gun towards a person, or on a public place or street and killed one without any intention of doing so." *Id.* at 615, 131 S.E. at 244.

With regard to the second part of the definition of involuntary manslaughter, assuming *arguendo* that Bailey's handling of the loaded gun was not a violation of any statute, we believe under the facts of this case that his handling of the gun was more than a lawful act committed with ordinary negligence. Rather, it was an act performed in a manner so gross, wanton and culpable as to show a reckless disregard for human life.

The record clearly reflects that Bailey intentionally pulled the gun from his pocket and held it down in the direction of the victim who was on the ground. The record further reflects that Baylor "indicated" how this was done. The trial judge was in a position to observe this demonstration and necessarily concluded that Bailey intentionally pointed the gun in the direction of the victim. We cannot reconstruct that demonstration and we will not disturb the trial judge's conclusion by appellate speculation when the trial

---

[1] The Commonwealth also argues that Bailey's conduct was a violation of Code § 18.2-282 which prohibits the pointing or brandishing a firearm in such a manner as to reasonably induce fear in the mind of another. Under the facts of this case, there is no evidence that fear by the victim was intended or resulted and consequently Code § 18.2-282 is not applicable.

judge's conclusion is not plainly wrong and is supported by the other evidence in the case.

Accordingly, we hold that the evidence is sufficient to establish that Bailey intentionally pointed a loaded gun at the victim who was no more than five to ten feet away and that the killing, while accidental, was a foreseeable result of Bailey's conduct. We further find that his conduct was so gross, wanton and culpable as to show a reckless disregard for human life constituting involuntary manslaughter. Alternatively, we find that his conduct was an unlawful act committed with criminal negligence constituting involuntary manslaughter.

For these reasons, the judgment of conviction below is affirmed.

*Affirmed.*

Baker, J., and Benton, J., concurred.