Richmond

## DANIEL OGRAM LEE

v.

## COMMONWEALTH OF VIRGINIA

April 20, 1979.

Record No. 780552.

Present: All the Justices.

*James R. Sheeran* for appellant.

*Thomas D. Bagwell, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

The principal issue on this appeal is whether the Commonwealth was collaterally estopped, by dismissal of a misdemeanor warrant charging Daniel Ogram Lee with driving after revocation of his operator's license, to prosecute him for the felonies of manslaughter and hit and run driving.

The issue arose on defendant's pre-trial motion to dismiss the felony indictments. Filed with the motion was a "Statement of Proceedings in Lower Court" signed by defendant's counsel and the attorney for the Commonwealth. Upon this stipulation of proceedings in the district court, the trial court overruled defendant's motion, tried him without a jury, convicted him of the two felonies, and, by final judgment entered April 14, 1976, sentenced him to serve five years in the penitentiary on each conviction, the sentences to run concurrently.

The stipulation reads as follows:

> On October 21, 1975 trial was had in the matter of Commonwealth vs. Daniel O. Lee. Mr. Lee was present in Court for preliminary hearings on charges of Manslaughter and Hit and Run, as well as trial on a charge of Driving Under Revocation. All these offenses were alleged to have taken place on the 25th day of August, 1975, in New Kent County, Virginia.

Trooper Cobb testified that on August 25, 1975 he investigated an incident wherein the body of Helen Mundie Clayton was discovered lying in the westbound lane of Route 60 in New Kent County. The defense stipulated that the body found was in fact that of Helen Mundie Clayton and that she was dead.

Trooper Cobb further testified that he received information that Daniel O. Lee was a possible suspect in the case. Trooper Cobb stated that he went to Mr. Lee's home in Quinton two days later (August 27, 1975), that he had observed blood on Mr. Lee's vehicle, and that he seized same. The blood on Mr. Lee's car was found to be human blood. Trooper Cobb also stated that a piece of chrome found on Route 60 near the body could have come from Mr. Lee's car. At the time of his arrest, Mr. Lee made the statement that he had hit a deer near the mine he operated in New Kent County.

Mr. Lee's Virginia driving record was introduced into evidence. The record indicated that his privilege to operate a motor vehicle in Virginia had been suspended. The prosecution rested.

Whereupon, the defense moved to strike the evidence as to the Driving Under Revocation on the grounds that the evidence was insufficient to show that the Defendant was driving on the day in question. This Motion was sustained by the trial judge. Probable cause was found as to the charges of Manslaughter and Hit and Run.

Collateral estoppel, a doctrine grounded in the Fifth Amendment guarantee against double jeopardy and applicable to the states under *Benton v. Maryland,* 395 U.S. 784 (1969), means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe* v. *Swenson,* 397 U.S. 436, 443 (1970). Invoking that doctrine, defendant contends that the act of driving an automobile on the day in question

was an issue of ultimate fact in the misdemeanor prosecution and that dismissal of the warrant constituted a valid and final judgment determining that issue in his favor and foreclosed its relitigation.

The doctrine of collateral estoppel does not apply if it appears that the prior judgment could have been grounded "upon an issue other than that which the defendant seeks to foreclose from consideration." 397 U.S. at 444. Applying that rule in *C. A. Jones* v. *Commonwealth*, 217 Va. 231, 228 S.E.2d 127 (1976), and in *Clodfelter* v. *Commonwealth*, 218 Va. 98, 235 S.E.2d 340, *rev'd on other grounds*, 218 Va. 619, 238 S.E.2d 820 (1977), we concluded from the records before us that the prior judgments could have been so grounded, and we rejected the collateral estoppel claims. Here, however, it appears from the express language of the stipulation that the judgment of dismissal, like the jury's verdict in *Ashe*, was based on insufficiency of the evidence, the particular ground assigned by defendant in his motion to dismiss. The only rational conclusion the stipulation permits is that, in sustaining the motion and dismissing the misdemeanor warrant, the district court decided that the evidence was insufficient to prove that defendant was driving his car on the date charged in the warrant. Whether defendant was driving his car on that date was "an issue of ultimate fact" in the misdemeanor prosecution and an element of each of the felonies charged in the indictments. Under the rule in *Ashe*, we must hold that the Commonwealth was estopped to prosecute the felonies.

Our holding results in the reversal of two convictions which were fully supported by the evidence at trial. Yet, we believe the result is constitutionally mandated and illustrates the need for the Commonwealth to assess the evidence carefully and exercise selective discretion in the prosecution of multiple offenses arising from the same transaction. Our holding, however, is strictly confined to the facts as detailed in the stipulation filed in this case. While a more definitive practice might be preferable, district courts frequently mark misdemeanor warrants "dismissed" without assigning specific grounds. We recognize that dismissal may sometimes be based, not upon an adjudication of substantive issues, but upon some technical procedural defect or, indeed, upon nothing more than considerations of leniency. When grounds for a dismissal are not assigned and do not otherwise appear of record, the doctrine of collateral estoppel will not be applied since the defendant bears the "burden of proving that the precise issue or

question he seeks to preclude was raised and determined in the first action." *Clodfelter* v. *Commonwealth*, 218 Va. at 106, 235 S.E.2d at 345.

The judgment will be reversed, the felony indictments will be dismissed, and final judgment for defendant will be entered here.

*Reversed and final judgment.*