COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Bray
Argued at Richmond, Virginia


ZUHAAR JAMAL RAMADAN
                                        OPINION BY
v.         Record No. 2109-97-2    JUDGE RICHARD S. BRAY
                                      DECEMBER 29, 1998
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

           Craig S. Cooley for appellant.

           Daniel J. Munroe, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.



     A jury convicted Zuhaar J. Ramadan (defendant) for

feloniously driving a motor vehicle after having been adjudicated

an habitual offender in violation of Code § 46.2-357(B)(2).  On

appeal, defendant complains (1) the trial court erroneously ruled

that the Commonwealth was not collaterally estopped from

prosecuting the offense, (2) the indictment did not properly

allege the crime, and (3) that the evidence was insufficient to

prove that defendant's driving "endanger[ed] the life, limb, or

property of another."  Finding no error, we affirm the

conviction.

     On April 8, 1997, Richmond Police Officer L. Clinton

Jefferson first observed defendant, then an habitual offender,

operating a motorcycle at a stoplight on Jefferson Davis (Davis)

Highway.  As Officer Jefferson followed, defendant proceeded

through the intersection to the corner of Royal Avenue and Davis

Highway, again stopped, yielded to oncoming traffic, and turned left onto Royal Avenue. Jefferson then "tried to pull [defendant] over,"[1] and defendant "looked back," "took off," and "accelerated rapidly down Royal." Over a distance of several blocks, Jefferson attempted to "catch up to [defendant]," traveling "approximately 75 [m.p.h.]" in a 25 m.p.h. speed zone. During the pursuit, defendant "accelerate[d] past" a group of children crossing the street "in his . . . path," causing "some [to] run[] in each direction . . . trying to get to the sidewalk."

The chase continued for "about another block" beyond the children, ending when defendant "lost control" and "slid into a wire fence in front of a residence." Defendant "fell off" the motorcycle, "jumped over [the] . . . fence[,] . . . ran to the side of the house[,] through the backyard, . . . [and] down the alley." He was apprehended shortly thereafter and charged with reckless driving, attempting to elude police, and feloniously driving while an habitual offender, the instant offense.

At trial on May 20, 1997 in the general district court, defendant was convicted of attempting to elude police, and the felony was certified to the grand jury. However, the reckless

---

[1]The reasons for the stop were not disclosed to the jury. Defendant's counsel vouched the record with Jefferson's testimony from an earlier trial, which had ended in a mistrial, that detailed defendant's driving from the initial encounter until the collision. Counsel represented to the court, without objection, that such additional evidence was also before the general district court.

driving charge was dismissed for reasons explained only by check marks at printed squares on the reverse side of the warrant designated, "not guilty," and "I ORDER the charge dismissed." The signature of the judge of the general district court appears on the warrant.

Following indictment in the trial court for the subject offense, defendant moved the court to dismiss, arguing that the general district court had previously "found the evidence . . . insufficient to support the allegation of reckless driving," a necessary element to the felonious habitual offender offense, and, therefore, the Commonwealth was collaterally estopped from prosecuting the indictment.  However, because the record failed to disclose "the reason the judge dismissed" the reckless driving charge, the court overruled defendant's motion.  Defendant subsequently was convicted for the felonious habitual offender violation, resulting in this appeal.

## Collateral Estoppel

Code § 46.2-357(B) provides, in pertinent part, that
any person found to be an habitual offender
. . ., who is thereafter convicted of driving
a motor vehicle . . . while the revocation
determination is in effect, shall be punished
as follows:
1.  If such driving does not, of itself,
endanger the life, limb, or property of
another, such person shall be guilty of a
misdemeanor . . . .
2.  If such driving of itself endangers the
life, limb, or property of another . . .,
such person shall be guilty of a felony
. . . .

– 3 –

Thus, "driving of itself" which "endangers the life, limb, or property of another" is an indispensable element to a felonious violation of the statute. Code § 46.2-357(B)(2). Relying on the doctrine of collateral estoppel, defendant reasons that dismissal of the reckless driving charge by the general district court constituted a valid, final judgment which favorably resolved the endangerment element of Code § 46.2-357(B)(2), thereby precluding further consideration of such conduct in the instant prosecution.[2]

The doctrine of collateral estoppel arises from the Fifth Amendment protection from double jeopardy and instructs that "'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" Jones v. Commonwealth, 217 Va. 231, 232, 228 S.E.2d 127, 128 (1976) (quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970)); Rogers v. Commonwealth, 5 Va. App. 337, 341, 362 S.E.2d 752, 754 (1987). However, "[t]he doctrine . . . does not apply if it appears that the prior judgment could have been grounded 'upon an issue other than that which the defendant seeks to foreclose from consideration.'" Lee v. Commonwealth, 219 Va. 1108, 1111, 254 S.E.2d 126, 127 (1979) (quoting Ashe, 397 U.S. at 444). "The

---

[2]Reckless driving contemplated by Code § 46.2-852, the offense dismissed by the general district court, is defined by "language virtually identical" to the conduct proscribed by Code § 46.2-357(B)(2). Bishop v. Commonwealth, 20 Va. App. 206, 211, 455 S.E.2d 765, 767 (1995).

- 4 -

party seeking the protection of collateral estoppel carries the burden of showing that the verdict in the prior action

necessarily decided the precise issue he now seeks to preclude."
Rogers, 5 Va. App. at 341, 362 S.E.2d at 754 (citation omitted).

Since the principle of collateral estoppel was enunciated in Ashe, "numerous attempts to invoke the doctrine have met with little success." Jones, 217 Va. at 233, 227 S.E.2d at 128. An acquittal, "standing alone, does not permit a conclusion with respect" to a court's findings or rationale. Copeland v. Commonwealth, 13 Va. App. 450, 453, 412 S.E.2d 468, 470 (1991). General "district courts frequently[, as here,] mark misdemeanor warrants 'dismissed' without assigning specific grounds," acting, "sometimes . . . not upon an adjudication of substantive issues, but upon some technical procedural defect or, indeed, upon nothing more than considerations of leniency." Lee, 219 Va. at 1111, 254 S.E.2d at 128[3]; see e.g., Clodfelter v. Commonwealth, 218 Va. 98, 107-08, 235 S.E.2d 340, 345-46 (1977) (district court may have dismissed misdemeanor believing that offense was "subsumed in . . . felony . . . certified to the grand jury"). Thus, it is "'usually impossible to determine with any precision upon what basis the [fact finder] reached a verdict in a criminal case,'" leaving the defense of collateral estoppel available to an accused only in "'a rare situation.'" Jones, 217 Va. at 233,

---

[3]In Lee, the Court applied the doctrine to estop a prosecution but, unlike the present record, defendant and the Commonwealth had stipulated that the earlier dismissal by the general district court was based upon insufficient evidence. Lee, 219 Va. at 1111, 254 S.E.2d at 127-28. Thus, the "holding . . . [was] strictly confined to the facts as detailed in the stipulation filed in this case." Id.

228 S.E.2d at 128-29 (quoting <u>United States v. Tramunti</u>, 500 F.2d 1334, 1346, <u>cert.</u> <u>denied</u>, 419 U.S. 1079 (1974)).

Here, the record does not reveal the reason for the dismissal of the reckless driving charge by the general district court. Perhaps, the court, as defendant suggests, found the evidence insufficient or, as likely, considered the misdemeanor subsumed in the felony or simply decided to favor defendant with leniency. However, the precise reason for the acquittal, an indispensable predicate to the defense of collateral estoppel, cannot rely upon conjecture. Thus, the doctrine did not bar relitigation of the endangerment element of the instant felony, and the court properly overruled defendant's motion to dismiss the indictment.

The Indictment

Defendant next complains that the indictment failed to sufficiently allege a felonious violation of Code § 46.2-357(B)(2). However, it is well established that we will not consider an argument on appeal which was not presented to the trial court, absent good cause shown or to attain the ends of justice. <u>See</u> Rule 5A:18; <u>Snurkowski v. Commonwealth</u>, 2 Va. App. 532, 536, 348 S.E.2d 1, 3 (1986). Defendant failed to challenge the indictment before the trial court and, finding no justification to invoke the ends of justice exception, we decline to address this issue.

When the sufficiency of the evidence is challenged on appeal, we view the record in the light most favorable to the Commonwealth, granting it all reasonable inferences fairly deducible therefrom, and the decision will not be disturbed unless plainly wrong or without evidence to support it. See Code § 8.01-680; Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Code § 46.2-357(B)(2) criminalizes as a felony driving by an habitual offender which, "of itself[,] endangers the life, limb, or property of another." Absent such conduct, the offense of driving by an habitual offender violates Code § 46.2-357(B)(1), a misdemeanor. Thus, "[t]he distinction between negligent driving and reckless driving is the critical element in determining punishment under Code § 46.2-357." Bishop, 20 Va. App. at 210-11, 455 S.E.2d at 767. To convict, the Commonwealth must prove driving by an accused that, standing alone, was "'"so gross, wanton, and culpable as to show a reckless disregard of human life."'" Id. at 211, 455 S.E.2d at 767 (citations omitted).

Here, the evidence disclosed that defendant operated a motorcycle at a high rate of speed, in gross violation of posted limits, approached a group of children as they crossed the roadway, prompting several to "run[] in each direction . . . trying to get to the sidewalk" and, moments thereafter, lost

control, crashed into a fence and fled.  Such evidence clearly supports a finding that defendant's driving endangered life, limb, or property of others in violation of Code § 46.2-357(B)(2).

Accordingly, we affirm the conviction.

<u>Affirmed.</u>

Benton, J., dissenting.

The record establishes that Zuhaar Jamal Ramadan was tried in the general district court on the charge of reckless driving. See Code § 46.2-852. The reckless driving charge was based upon conduct that also gave rise to the charge that Ramadan drove recklessly after having been declared an habitual offender and while his license to drive was still revoked. See Code § 46.2-357. The record proved that at the conclusion of the evidence in the general district court, the judge of the general district court "FOUND . . . [Ramadan] . . . not guilty" and "[o]rder[ed] the charge dismissed." As a proffer of evidence in the circuit court, Ramadan offered testimony from a police officer that the officer's testimony concerning the events that gave rise to the charges was the same in both the general district court and the circuit court. The police officer was the Commonwealth's only witness both in the general district court and in the circuit court.

"Collateral estoppel, a doctrine grounded in the Fifth Amendment guarantee against double jeopardy and applicable to the states under Benton v. Maryland, 395 U.S. 784 (1969), means that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" Lee v. Commonwealth, 219 Va. 1108, 1110, 254 S.E.2d 126, 127 (1979) (quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970)). The Supreme

- 10 -

Court of Virginia addressed the applicability of the doctrine of collateral estoppel in Lee and Clodfelter v. Commonwealth, 218 Va. 98, 235 S.E.2d 340 (1977).

In Clodfelter, a general district court judge "dismissed" a charge that the accused later contended was dispositive of an issue in a felony charge that was certified to the circuit court. The general district court judge had "dismissed" a misdemeanor charge of possession of marijuana and had certified to the circuit court companion felony charges. A circuit court judge later convicted the defendant of the felony of possessing a controlled substance that was "found at the same place in the same container" as the marijuana. 218 Va. at 107, 235 S.E.2d at 346. The Supreme Court rejected Clodfelter's contention that the dismissal of the marijuana possession charge collaterally estopped the Commonwealth from litigating the factual issue of Clodfelter's possession of the controlled substance. The Court noted the following:

> It is not unreasonable or irrational to conclude from the record that the General District Court's dismissal . . . of the misdemeanor charge of possession of marijuana was grounded, not upon the lack of the evidence of possession, but upon the court's belief that this offense was subsumed in the more serious felony charge, possession of marijuana with intent to distribute, which the court had just certified to the grand jury.

Id. at 108, 235 S.E.2d at 346 (emphasis added).

In Lee, the Supreme Court upheld a claim of collateral

estoppel where a judge of the general district court "dismissed" a misdemeanor charge that was dispositive of an element of felonies for which the defendant was convicted in the circuit court. 219 Va. at 1111, 254 S.E.2d at 127. The Court referred to its earlier ruling in <u>Clodfelter</u> and stated that "<u>[w]hen grounds for a dismissal are not assigned</u> and do not otherwise appear of record, the doctrine of collateral estoppel will not be applied since the defendant bears the 'burden of proving that the precise issue or question he seeks to preclude was raised and determined in the first action.'" <u>Lee</u>, 219 Va. at 1111–12, 254 S.E.2d at 128 (quoting <u>Clodfelter</u>, 218 Va. at 106, 235 S.E.2d at 345) (emphasis added). Significantly, the Court in <u>Lee</u> held as follows:

> [I]t appears from the express language of the stipulation [in the record] that the judgment of dismissal . . . was based on insufficiency of the evidence, the particular ground assigned by defendant in his motion to dismiss. The only rational conclusion the stipulation permits is that, in sustaining the motion and dismissing the misdemeanor warrant, the district court decided that the evidence was insufficient to prove that defendant was driving his car on the date charged in the warrant. Whether defendant was driving his car on that date was "an issue of ultimate fact" in the misdemeanor prosecution and an element of each of the felonies charged in the indictments. Under the rule in <u>Ashe</u>, we must hold that the Commonwealth was estopped to prosecute the felonies.

219 Va. at 1111, 254 S.E.2d at 127.

As in <u>Lee</u>, the record in Ramadan's case contains more than

the general district court judge's order reciting merely that the misdemeanor prosecution was "dismissed."  The record in this case clearly establishes that the general district court judge's order "dismissed" the warrant because the judge found Ramadan "not guilty."  That ruling determined the "issue of ultimate fact . . . by a valid and final judgment."  Ashe, 397 U.S. at 443.  It was a finding that the evidence was insufficient to prove reckless driving, the issue of ultimate fact which was an element of the prosecution of Ramadan in the circuit court for violation of Code § 46.2-357(B)(2).  See Bishop v. Commonwealth, 20 Va. App. 206, 211, 455 S.E.2d 765, 767 (1995) ("In defining the conduct that gives rise to felony punishment under Code § 46.2-357(B)(2), the legislature used the phrase, 'driving [that] . . . endanger[s] the life, limb, or property of another,' language virtually identical to that found in the statute defining reckless driving.").

As the Supreme Court observed in Lee, this case again "illustrates the need for the Commonwealth to assess the evidence carefully and exercise selective discretion in the prosecution of multiple offenses arising from the same transaction."  219 Va. at 1111, 254 S.E.2d at 127.  For these reasons, I would hold that the Commonwealth was estopped to prosecute Ramadan in the circuit court for a violation of Code § 46.2-357.