BENTON, Judge,
dissenting.
The record establishes that Zuhaar Jamal Ramadan was tried in the general district court on the charge of reckless driving. See Code § 46.2-852. The reckless driving charge was based upon conduct that also gave rise to the charge that Ramadan drove recklessly after having been declared an habitual offender and while his license to drive was still revoked. See Code § 46.2-357. The record proved that at the conclusion of the evidence in the general district court, the judge of the general district court “FOUND ... [Ramadan] ... not guilty” and “[o]rder[ed] the charge dismissed.” As a *717 proffer of evidence in the circuit court, Ramadan offered testimony from a police officer that the officer’s testimony concerning the events that gave rise to the charges was the same in both the general district court and the circuit court. The police officer was the Commonwealth’s only witness both in the general district court and in the circuit court.
“Collateral estoppel, a doctrine grounded in the Fifth Amendment guarantee against double jeopardy and applicable to the states under Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), means that “when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.’ ” Lee v. Commonwealth, 219 Va. 1108, 1110, 254 S.E.2d 126, 127 (1979) (quoting Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)). The Supreme Court of Virginia addressed the applicability of the doctrine of collateral estoppel in Lee and Clodfelter v. Commonwealth, 218 Va. 98, 235 S.E.2d 340 (1977).
In Clodfelter, a general district court judge “dismissed” a charge that the accused later contended was dispositive of an issue in a felony charge that was certified to the circuit court. The general district court judge had “dismissed” a misdemeanor charge of possession of marijuana and had certified to the circuit court companion felony charges. A circuit court judge later convicted the defendant of the felony of possessing a controlled substance that was “found at the same place in the same container” as the marijuana. 218 Va. at 107, 235 S.E.2d at 346. The Supreme Court rejected Clodfelter’s contention that the dismissal of the marijuana possession charge collaterally estopped the Commonwealth from litigating the factual issue of Clodfelter’s possession of the controlled substance. The Court noted the following:
It is not unreasonable or irrational to conclude from the record that the General District Court’s dismissal ... of the misdemeanor charge of possession of marijuana was grounded, not upon the lack of the evidence of possession, but upon the court’s belief that this offense was subsumed *718 in the more serious felony charge, possession of marijuana with intent to distribute, which the court had just certified to the grand jury.
Id. at 108, 235 S.E.2d at 346 (emphasis added).
In Lee, the Supreme Court upheld a claim of collateral estoppel where a judge of the general district court “dismissed” a misdemeanor charge that was dispositive of an element of felonies for which the defendant was convicted in the circuit court. 219 Va. at 1111, 254 S.E.2d at 127. The Court referred to its earlier ruling in Clodfelter and stated that “[w]hen grounds for a dismissal are not assigned and do not otherwise appear of record, the doctrine of collateral estoppel will not be applied since the defendant bears the ‘burden of proving that the precise issue or question he seeks to preclude was raised and determined in the first action.’ ” Lee, 219 Va. at 1111-12, 254 S.E.2d at 128 (quoting Clodfelter, 218 Va. at 106, 235 S.E.2d at 345) (emphasis added). Significantly, the Court in Lee held as follows:
[I]t appears from the express language of the stipulation [in the record] that the judgment of dismissal ... was based on insufficiency of the evidence, the particular ground assigned by defendant in his motion to dismiss. The only rational conclusion the stipulation permits is that, in sustaining the motion and dismissing the misdemeanor warrant, the district court decided that the evidence was insufficient to prove that defendant was driving his car on the date charged in the warrant. Whether defendant was driving his car on that date was “an issue of ultimate fact” in the misdemeanor prosecution and an element of each of the felonies charged in the indictments. Under the rule in Ashe, we must hold that the Commonwealth was estopped to prosecute the felonies.
219 Va. at 1111, 254 S.E.2d at 127.
As in Lee, the record in Ramadan’s case contains more than the general district court judge’s order reciting merely that the misdemeanor prosecution was “dismissed.” The record in this case clearly establishes that the general district court *719 judge’s order “dismissed” the warrant because the judge found Ramadan “not guilty.” That ruling determined the “issue of ultimate fact ... by a valid and final judgment.” Ashe, 397 U.S. at 443, 90 S.Ct. 1189. It was a finding that the evidence was insufficient to prove reckless driving, the issue of ultimate fact which was an element of the prosecution of Ramadan in the circuit court for violation of Code § 46.2-357(B)(2). See Bishop v. Commonwealth, 20 Va.App. 206, 211, 455 S.E.2d 765, 767 (1995) (“In defining the conduct that gives rise to felony punishment under Code § 46.2-357(B)(2), the legislature used the phrase, ‘driving [that] ... endanger[s] the life, limb, or property of another,’ language virtually identical to that found in the statute defining reckless driving.”).
As the Supreme Court observed in Lee, this casé again “illustrates the need for the Commonwealth to assess the evidence carefully and exercise selective discretion in the prosecution of multiple offenses arising from the same transaction.” 219 Va. at 1111, 254 S.E.2d at 127. For these reasons, I would hold that the Commonwealth was estopped to prosecute Ramadan in the circuit court for a violation of Code § 46.2-357.