COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Overton
Argued at Alexandria, Virginia


EVAN JOHN CASEY COYNE
                                          OPINION BY
v.    Record No. 2534-01-4      JUDGE JAMES W. BENTON, JR.
                                        OCTOBER 29, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                     James H. Chamblin, Judge

              William B. Moffitt (Asbill Moffitt & Boss,
              Chtd., on brief), for appellant.

              Margaret W. Reed, Assistant Attorney General
              (Jerry W. Kilgore, Attorney General, on
              brief), for appellee.


     Evan John Casey Coyne conditionally pled guilty to the

charge of possessing a controlled substance with the intent to

distribute it as an accommodation.  See Code § 18.2-248.  He

contends on appeal that the Commonwealth is barred by the

doctrine of collateral estoppel from prosecuting him for that

offense because the Commonwealth previously had successfully

convicted another individual of the same offense based on the

same facts.  For the reasons that follow, we affirm the

conviction.

                              I.

     Prior to accepting Coyne's conditional guilty plea, the

trial judge held a hearing on Coyne's motion to dismiss the

indictment. The evidence established that the Commonwealth indicted Donald Keith Bryden for distributing controlled substances to an informant for the Loudoun County Sheriff's Department on August 23, 2000. Bryden tendered a plea of guilty to the indictment. At the hearing on Bryden's plea, the prosecutor proffered that the evidence would prove the informant arranged the transaction in a telephone conversation with Bryden, that Bryden met the informant at the prearranged location on August 23, 2000, and that Bryden personally sold ten tablets of a controlled substance to the informant. The prosecutor proffered that the transaction was captured on both video and audio recordings. At the hearing, Bryden acknowledged those facts to be true. The trial judge accepted Bryden's guilty plea and convicted Bryden of distributing the controlled substances on August 23, 2000 in violation of Code § 18.2-248. Two months after Bryden was convicted, a grand jury indicted Coyne for the same offense.

At the hearing on Coyne's motion to dismiss the indictment, the prosecutor acknowledged that the facts recited above were an accurate representation of the incidents occurring at the prior proceedings when the judge convicted Bryden on his guilty plea. The prosecutor asserted, however, that the prosecutor who made the proffer at Bryden's hearing "misspoke" when he said Bryden personally delivered the controlled substances to the informant. He told the trial judge that "[w]hen [the other prosecutor] said

the drugs were delivered by Bryden, he should have said through an agent, Evan Coyne."

The trial judge ruled that the doctrine of collateral estoppel did not bar the prosecution "because . . . Coyne was not a party to the proceeding between the Commonwealth and . . . Bryden," and he denied Coyne's motion to dismiss. Coyne then tendered a conditional guilty plea to the charge of distributing the same controlled substances to the informant on August 23, 2000. The proffer at Coyne's hearing established that after Bryden spoke to the informant and agreed to sell the controlled substances, Bryden left town. The proffer further established that Coyne met the informant and delivered the controlled substances to the informant. On these facts, the trial judge accepted Coyne's conditional guilty plea to the charge of distributing the controlled substances as an accommodation in violation of Code § 18.2-248. As permitted by Code § 19.2-254, Coyne appeals the denial of his motion to dismiss.

## II.

Relying upon federal law, Coyne contends that this case is governed by the principle that, "[u]nder collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980). He further contends that "[a]lthough [collateral estoppel was]

first developed in civil litigation, [it] has been an established rule of federal criminal law."  Ashe v. Swenson, 397 U.S. 436, 443 (1970).

Relying on Virginia law, the Commonwealth contends that to invoke the doctrine of collateral estoppel in Virginia, the parties must be the same in each of the lawsuits.  Whitley v. Commonwealth, 260 Va. 482, 489, 538 S.E.2d 296, 299 (2000); Lee v. Commonwealth, 219 Va. 1108, 1110, 254 S.E.2d 126, 127 (1979). In addition, the Commonwealth contends the doctrine of collateral estoppel does not bar the prosecution because the trial judge "in Bryden's case could have grounded [the] conviction on a factual issue other than who physically handed the informant the drugs on August 23."  See id. at 1111, 254 S.E.2d at 127.

Neither Coyne nor the Commonwealth addresses head-on the choice of law issue.  Although Coyne relies on federal cases that apply the doctrine of collateral estoppel, he makes no persuasive argument that federal law, rather than state law, governs the issue as it arises in this context.  Coyne makes no claim that his collateral estoppel argument as it is raised in the context of this case is grounded in constitutional principles such as double jeopardy, due process, or other guarantees.  Put simply, he contends that the preclusive effect of the prior judgment convicting Bryden necessarily bars his prosecution in a state criminal proceeding.

At its core, collateral estoppel is a common law doctrine. United States v. Mendoza, 464 U.S. 154, 158 (1984). Although the Supreme Court "[i]n Ashe v. Swensen, . . . recognized that the Double Jeopardy Clause incorporates the doctrine of collateral estoppel," Dowling v. United States, 493 U.S. 342, 347 (1990), the Supreme Court has also recognized that "the collateral-estoppel component of the Double Jeopardy Clause is inapposite" in some cases. Id. at 349. Thus, in the absence of a claim of constitutional dimensions, the preclusive effect of a state court judgment is a matter governed by state law. See Haring v. Prosise, 462 U.S. 306, 316-17 n.10 (1983). See also Allen, 449 U.S. at 96 (holding that "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so"); Kane v. Hargis, 987 F.2d 1005, 1008 (4th Cir. 1993) (holding that in an action under 42 U.S.C. § 1983 "[t]he collateral estoppel effect of the Virginia court's decision is determined by Virginia law").

Applying state law, the Supreme Court of Virginia has consistently held that "before the doctrine of collateral estoppel may be applied, . . . the parties to the two proceedings must be the same." Whitley, 260 Va. at 489, 538 S.E.2d at 299. See also Selected Risks Insurance Co. v. Dean, 233 Va. 260, 355 S.E.2d 579 (1987); Jones v. Commonwealth, 217 Va. 231, 232, 228 S.E.2d 127, 128 (1976). We have held likewise

in Jones v. City of Lynchburg, 23 Va. App. 167, 171, 474 S.E.2d 863, 865 (1996).  As the United States Supreme Court noted in Haring, "[a]lthough the doctrine of mutuality of parties has been abandoned in recent years by the courts of many jurisdictions, . . . it has not been rejected by the courts of Virginia."  462 U.S. at 606 n.10 (citations omitted).

Accordingly, we hold that the trial judge did not err in applying Virginia law and denying Coyne's motion to dismiss. We, therefore, affirm the conviction.

Affirmed.