CHRISTOPHER GLASCO

V.

RONALD BALLARD

Record No. 940192

January 13, 1995

Present: All the Justices

62

*Sa'ad El-Amin (Beverly D. Crawford; El-Amin & Crawford,* on brief), for appellant.

*Robert A. Dybing (John A. Gibney, Jr.; Shuford, Rubin & Gibney,* on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal, we decide whether certain claims against a deputy sheriff are barred by the doctrines of collateral estoppel and sovereign immunity.

Christopher Glasco filed the present personal injury action against Ronald Ballard, a deputy sheriff, seeking damages result-

ing from claims of (1) assault and battery and (2) negligence, both simple and gross. Glasco also filed an action against Ballard in the United States District Court for the Eastern District of Virginia (the federal action), claiming Ballard was guilty of excessive use of force, in violation of 42 U.S.C. § 1983. Glasco also asserted claims of assault and battery and gross negligence in that action. The present personal injury action and the federal action arise out of a single incident between the parties.

In the federal action, the district court granted summary judgment in favor of Ballard with respect to Glasco's § 1983 claim, concluding that Ballard's conduct was accidental, not intentional. The court dismissed Glasco's other claims on the ground that it no longer had pendent jurisdiction.

Thereafter, Glasco pursued his claims of negligence and assault and battery in the present action. The trial court granted summary judgment in favor of Ballard, ruling that Glasco's claims were barred by the doctrine of collateral estoppel because of the facts conclusively determined in the federal action. The trial court also ruled that the claims were barred by the doctrine of sovereign immunity. We awarded Glasco an appeal.

In the federal action, the district court made the following findings of fact. On January 1, 1991, shortly before 11:00 p.m., Officer Ballard, a deputy sheriff of Hanover County, was on vehicular patrol in the Town of Ashland when he received a radio report of a shoplifting incident at a nearby store. A few minutes later, Ballard saw two men walking along Randolph Street. One of the men matched the shoplifting suspect's description.

Ballard drove his car beside the two men, both of whom had their hands in their pockets. Ballard noticed that one of the men, later identified as Glasco, was wearing a sweater or a jacket with a front pocket in which Ballard observed a shiny, metallic, oblong object and a plastic-wrapped object.

Ballard, while still in the patrol car, asked Glasco what was in his pocket. Ballard did not understand Glasco's response and, at that point, drew his pistol and started to exit the car. As Ballard stepped from the car, however, it rolled forward. Endeavoring to stop the car, Ballard leaned into it, put his foot on the brake pedal, and reached to put the gear control in "park." As he did so, his pistol accidently discharged, and the bullet struck Glasco in the neck.

■■■ The doctrine of collateral estoppel precludes the same parties to a prior proceeding from litigating in a subsequent proceeding any issue of fact that was actually litigated and essential to a final judgment in the first proceeding. *Bates* v. *Devers*, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974). The doctrine applies even when the subsequent proceeding involves a different claim for relief. *Pickeral* v. *Federal Land Bank*, 177 Va. 743, 750, 15 S.E.2d 82, 85 (1941). However, the following requirements must be met: (1) the parties to the two proceedings must be the same, (2) the issue of fact sought to be litigated must have been actually litigated in the prior proceeding, (3) the issue of fact must have been essential to the prior judgment, and (4) the prior proceeding must have resulted in a valid, final judgment against the party against whom the doctrine is sought to be applied. *Bates*, 214 Va. at 671, 202 S.E.2d at 921.

■■■ In the present case, we conclude that all four of these requirements have been met. First, the parties are the same in both actions. Second, the factual issues pertaining to the circumstances of the shooting were actually litigated in the federal action.* Third, the facts determined in the federal action and sought to be precluded from litigation in the present case were essential to the district court's judgment. In order to rule against Glasco on his § 1983 claim, the district court had to find that Ballard's actions were accidental, not intentional, and the court so found. Finally, with respect to the § 1983 claim, the district court rendered a valid, final judgment against Glasco.

■■■ Therefore, we agree that collateral estoppel applies in the present case to preclude Glasco from again litigating whether Ballard's actions were intentional. Thus, the doctrine bars Glasco's claim of assault and battery, which is an *intentional* tort. *See Russo* v. *White*, 241 Va. 23, 26, 400 S.E.2d 160, 162 (1991); *F.B.C. Stores, Inc.* v. *Duncan*, 214 Va. 246, 249, 198 S.E.2d 595, 598 (1973).

■■■ We also agree that the facts establish, as a matter of law, that Ballard, at the time of the shooting, was engaged in an essen-

---

* The prior federal court judgment is accorded the preclusive effect in subsequent state litigation that the federal courts would have attached thereto. *See Nottingham* v. *Weld*, 237 Va. 416, 419-20, 377 S.E.2d 621, 622-23 (1989). In the federal system, the entry of summary judgment is a disposition on the merits entitled to preclusive effect in later cases. *See, e.g., Exhibitors Poster Exch., Inc.* v. *National Screen Serv. Corp.*, 421 F.2d 1313, 1319 (5th Cir. 1970), *cert. denied*, 400 U.S. 991 (1971).

tial governmental function involving the exercise of discretion and judgment. Therefore, unless Ballard's conduct amounted to gross negligence, he is immune from suit. *See, e.g., Colby* v. *Boyden,* 241 Va. 125, 128, 400 S.E.2d 184, 186 (1991).

■ We do not agree, however, that the district court's factual findings establish, as a matter of law, that Ballard's conduct was not grossly negligent. We think that, in considering all the facts and circumstances surrounding the incident, reasonable minds could differ whether Ballard's conduct amounted to gross negligence.

■ Consequently, we hold that Glasco is collaterally estopped from asserting his assault and battery claim in the present case. We further hold that Ballard is immune from Glasco's negligence claim, unless a fact finder, based upon sufficient evidence, should conclude that Ballard's actions, in light of all the facts and circumstances, constituted gross negligence.

Accordingly, we will affirm the trial court's judgment in part, reverse the judgment in part, and remand the case for further proceedings consistent with this opinion.

> *Affirmed in part,*
> *reversed in part,*
> *and remanded.*