COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and McClanahan
Argued at Salem, Virginia


COLLIN ANTHONY RICE

                                                        OPINION BY
v.       Record No. 2331-09-3             JUDGE ROBERT P. FRANK
                                                     JANUARY 11, 2011
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                          Jonathan M. Apgar, Judge

          Marta J. Anderson (Law Offices of David J. Damico, on brief), for
          appellant.

          Richard B. Smith, Special Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


       Collin Anthony Rice, appellant, was convicted, in a bench trial, of possession of a firearm

by a felon, in violation of Code § 18.2-308.2.  On appeal, he contends the trial court erred in

convicting him of this offense after a jury had acquitted him, in the same trial, of related offenses.

Specifically, he argues collateral estoppel barred this conviction.[1]  For the following reasons stated,

we affirm the judgment of the trial court.

---

[1] The Commonwealth initially argues that appellant's argument is an attempt to approbate
and reprobate.  We disagree.  A party may not approbate and reprobate by taking successive
positions in the course of litigation that are either inconsistent with each other or mutually
contradictory.  Nor may he invite error and then attempt to take advantage of the situation
created by his own wrong.  Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164
(2009).  That is not applicable to this appeal.  In this case, a jury tried appellant for five of the
charges, and a judge heard the sixth.  This process could lead to inconsistent verdicts, but
appellant's agreement to that arrangement does not mean he invited error.  He assigns error not
to the process, but to the trial court's verdict.

## BACKGROUND

As the facts of this case are not relevant to our analysis on appeal, we recite only the procedural history.

As a result of a shooting incident, appellant was indicted for: malicious wounding, use of firearm during the malicious wounding, attempted murder, use of firearm during the attempted murder, discharging a firearm into an occupied vehicle, and possession of a firearm after having been convicted of a violent felony, the instant offense.

By agreement of the Commonwealth and appellant, the trial court would try appellant on the instant offense and a jury would hear the remaining felonies.

The jury found appellant not guilty of malicious wounding, use of a firearm during the malicious wounding, attempted murder, use of a firearm during the attempted murder, and discharging a firearm into an occupied vehicle. Immediately after dismissing the jury, the trial court heard additional argument regarding the remaining firearm possession indictment. Upon consideration of the evidence, the trial court found appellant guilty of the possession offense.

Appellant filed a motion for reconsideration contending collateral estoppel barred appellant's conviction of the instant offense because of the acquittal of the other felonies. Specifically, he argued that in order for the jury to have found appellant not guilty of the other felonies, the jury necessarily found appellant did not possess the firearm.

In denying appellant's motion, the trial court concluded by virtue of the instant offense being tried by the court, the court made its own findings of credibility, that the "contemporaneous acquittal" by the jury of the other felonies did not preclude the conviction of the possession charge, and that each offense had different elements.

This appeal follows.

ANALYSIS

Appellant's sole argument on appeal is that the doctrine of collateral estoppel barred the trial court from convicting him of possession of a firearm by a felon.[2] He does not challenge the sufficiency of the evidence.

Appellant's argument is premised on his assertion that by finding him not guilty of the five other related felonies, the jury necessarily had to find he did not possess the weapon.

In response, the Commonwealth contends collateral estoppel is not applicable because all of the felonies were tried simultaneously, so the trial of the possession charge was not a "subsequent prosecution." The Commonwealth also maintains that the jury could have acquitted appellant of the other felonies for a number of reasons other than that appellant did not possess the firearm.

Collateral estoppel is a doctrine of fact preclusion "embodied in the fifth amendment protection against double jeopardy." Simon v. Commonwealth, 220 Va. 412, 415, 258 S.E.2d 567, 569 (1979). The doctrine essentially holds "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). If the previous judgment of acquittal was based upon a general verdict, the trial court is required to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an

_____

[2] At oral argument, appellant also argued the trial court's verdict was inconsistent with the jury's verdict. However, appellant conceded that the brief did not contain this argument. Thus, we will not consider it. Rule 5A:20(c) mandates that this issue is waived, because it is not part of appellant's assignment of error. See Winston v. Commonwealth, 51 Va. App. 74, 82, 654 S.E.2d 340, 345 (2007) (holding that because an appellant did not include an argument in his questions presented (now assignments of error), the Court would not address it on appeal); see also Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) ("Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.").

issue other than that which the defendant seeks to foreclose from consideration." Id. at 444. If it appears that the jury could have done so, then collateral estoppel does not apply. Id.

The party seeking the protection of collateral estoppel carries the burden of showing that the verdict in the prior action necessarily decided the precise issue he seeks to now preclude. Rhodes v. Commonwealth, 223 Va. 743, 749, 292 S.E.2d 373, 376 (1982).

However, before the doctrine of collateral estoppel may be applied, four requirements must be met: (1) the parties to the two proceedings must be the same; (2) the factual issue sought to be litigated must have been actually litigated in the prior proceeding; (3) the factual issue must have been essential to the judgment rendered in the prior proceeding; and (4) the prior proceeding must have resulted in a valid, final judgment against the party to whom the doctrine is sought to be applied. Glasco v. Ballard, 249 Va. 61, 64, 452 S.E.2d 854, 855 (1995); Bates v. Devers, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974).

Since the principle of collateral estoppel was enunciated in Ashe, "numerous attempts to invoke the doctrine have met with little success." Jones v. Commonwealth, 217 Va. 231, 233, 228 S.E.2d 127, 128 (1976). This was a predictable result, as Ashe "'was the rare case where it was possible to determine with certainty what the jury in the earlier prosecution had decided.'" Id. (quoting United States v. Cioffi, 487 F.2d 492, 498 (1973), cert. denied, 416 U.S. 995 (1974)). An acquittal, "standing alone, does not permit a conclusion with respect" to a court's findings or rationale. Copeland v. Commonwealth, 13 Va. App. 450, 453, 412 S.E.2d 468, 470 (1991). The doctrine of collateral estoppel is not often available to an accused, because it is "'usually impossible to determine with any precision upon what basis the [fact finder] reached a verdict in a criminal case,'" leaving the defense of collateral estoppel available to an accused only in "'a rare situation.'" Jones, 217 Va. at 233, 228 S.E.2d at 128-29 (quoting United States v. Tramunti, 500 F.2d 1334, 1346, cert. denied, 419 U.S. 1079 (1974)).

Our threshold inquiry is whether collateral estoppel applies to a situation where the evidence of all six felonies (including the instant offense) was heard in the same proceeding. See Phillips v. Commonwealth, 27 Va. App. 674, 680, 500 S.E.2d 848, 851 (1998) (explaining that a "significant and compelling factor [in determining if convictions were prosecuted simultaneously] is whether the offenses were prosecuted in a single, concurrent evidentiary hearing").

Under the doctrine of collateral estoppel, when an ultimate issue of fact has been litigated and determined by a valid, final judgment, the issue cannot be litigated again by the same litigants in a future lawsuit. Ashe, 397 U.S. at 443. Collateral estoppel, the species of res judicata applicable in this case, "precludes relitigation of issues actually litigated and determined in [a] prior suit, regardless of whether it was based on the same cause of action as the second suit." Lawlor v. National Screen Service Corp., 349 U.S. 322, 326 (1955).

Unlike the doctrine of res judicata, the doctrine of collateral estoppel does not turn upon the issue whether a cause of action in a prior proceeding is the same as a cause of action brought in a later proceeding. See Bates, 214 Va. at 670-71, 202 S.E.2d at 920-21.

The doctrine of collateral estoppel precludes the same parties to a prior proceeding from litigating in a later proceeding any issue of fact that actually was litigated and was essential to the final judgment in the first proceeding. Glasco, 249 Va. at 64, 452 S.E.2d at 855.

The four elements required to establish collateral estoppel presuppose a prior action. Thus, it is clear that collateral estoppel does not apply to simultaneous prosecutions, as is the case here. The case law speaks of "prior actions," "first proceeding," "future law suit," and "prior suit." Indeed, the seminal case on collateral estoppel, Ashe, involved a subsequent prosecution. Here, appellant's charges were brought simultaneously, although they were heard by separate fact finders.

In <u>Wolfe v. Commonwealth</u>, 6 Va. App. 640, 371 S.E.2d 314 (1988),[3] the accused was charged with murder and use of a firearm during the commission of murder. The jury found Wolfe guilty of voluntary manslaughter and the firearm charge in a single proceeding. In addressing inconsistent verdicts, we held that

> [t]he doctrine of collateral estoppel has not been held, and we believe properly so, to be applicable where two charges are tried in a single criminal jury trial. The statement of the doctrine itself contemplates a second trial in that an "issue cannot again be litigated between the same parties in any future law suit."

<u>Id.</u> at 646, 371 S.E.2d at 317 (quoting <u>Ashe</u>, 397 U.S. at 443).

While <u>Wolfe</u> involved a jury trying all of the indictments, we see no principled reason why the same principles should not apply where, in a single trial, a jury decides some of the charges and the court decides others. The rationale of <u>Wolfe</u> applies to this case because there was a single proceeding, with the jury hearing five counts and the court hearing one immediately after dismissing the jury. <u>See</u> <u>Nesbitt v. Warden</u>, 86 F.3d 118 (8th Cir. 1996) (the criminal rule of collateral estoppel found in <u>Ashe</u> does not apply to verdicts of guilt and innocence rendered in a single trial). Therefore, appellant cannot rely on the doctrine of collateral estoppel, because he was convicted in a simultaneous prosecution, so collateral estoppel does not apply.

CONCLUSION

The doctrine of collateral estoppel does not apply in cases such as this one, where the offenses were all part of a simultaneous prosecution. We therefore affirm the trial court.

<u>Affirmed.</u>

---

[3] While neither party argued <u>Wolfe</u> in their briefs, the Court, prior to oral argument, requested counsel to argue the applicability of <u>Wolfe</u>. They did so at oral argument.