BEALES, J.,
dissenting.
I respectfully dissent. Twelve competent jurors considered all of the evidence and argument presented in the circuit court. Those twelve jurors found Ronald Taft Davis, III, *58 guilty of first-degree murder and attempted first-degree murder beyond a reasonable doubt. Today’s decision overturns the jury’s verdict — but not because of any defect that actually occurred at the jury trial in the circuit court. Instead, applying the doctrine of collateral estoppel, the majority holds that the result of prior proceedings in the general district court absolutely prevented the circuit court jury from concluding that Davis was the triggerman who shot at an occupied vehicle and murdered the victim in this case. Thus, the majority opinion reverses Davis’s convictions and dismisses the indictments against him.
A review of case law indicates that collateral estoppel is only rarely applied in such a manner because the elements of collateral estoppel are seldom met. I respectfully disagree with the majority’s conclusion that Davis has presented an appropriate case for invoking the doctrine of collateral estoppel. Simply put, the record does not conclusively establish that the general district court judge could and did necessarily render a final decision holding that Davis was not the shooter.
I. Collateral Estoppel Requires A Final Decision
To establish the defense of collateral estoppel, which has certainly been recognized as a method of protecting a defendant from double jeopardy, a criminal defendant must “demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding.” Dowling v. United States, 493 U.S. 342, 350, 110 S.Ct. 668, 673, 107 L.Ed.2d 708 (1990); see Ashe v. Swenson, 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970) (holding that the defense of collateral estoppel “is embodied in the Fifth Amendment guarantee against double jeopardy”). “Suffice to say, the numerous attempts to invoke the doctrine have met with little success, a result that was easily predictable.” Jones v. Commonwealth, 217 Va. 231, 233, 228 S.E.2d 127, 129 (1976). Simply put, it is very difficult to establish the level of specificity that the doctrine of collateral estoppel requires. “An acquittal, ‘standing alone, does not permit a conclusion *59 with respect’ to a court’s findings or rationale.” Rice v. Commonwealth, 57 Va.App. 437, 442, 703 S.E.2d 254, 258 (2011). Collateral estoppel does not bar a disputed issue of fact from further criminal litigation “unless the record establishes that the issue was actually and necessarily decided in the defendant’s favor” in the earlier criminal proceeding. Schiro v. Farley, 510 U.S. 222, 236, 114 S.Ct. 783, 792, 127 L.Ed.2d 47 (1994) (emphasis added); see also Rhodes v. Commonwealth, 223 Va. 743, 749, 292 S.E.2d 373, 376 (1982).
Here, the General District Court of Surry County held a consolidated proceeding on December 16, 2008, when the general district court judge conducted a preliminary hearing of felony charges against Davis (including first-degree murder) and also conducted a trial on the merits of a misdemean- or charge against Davis of reckless handing of a firearm. At the conclusion of this proceeding, the general district court judge decided not to certify the felony charges to a grand jury, commenting that he did not consider “it reasonable to believe Mr. Davis was the one that fired the weapon” that killed the victim. The general district court judge also acquitted Davis of misdemeanor reckless handling of a firearm. However, the general district court judge made no findings or statements pertaining to his decision to acquit Davis of that misdemeanor charge. The general district court judge only stated, “On the misdemeanor charge as to whether or not you’ve proven the case beyond a reasonable doubt, I would find that you have not.” On the back of the misdemeanor warrant, the general district court judge simply indicated that Davis was not guilty of the reckless handing of a firearm charge.
Virginia law is clear — abundantly clear — that the general district court judge’s decision not to certify the felony charges to a grand jury could not preclude further prosecution of those charges in the circuit court if the Commonwealth successfully obtained a direct indictment from a grand jury, as occurred here. Davis cannot and has never contested this point. The law is settled in Virginia that “a general district court is without jurisdiction to try felony cases or accept pleas to *60 felony charges.” Peterson v. Commonwealth, 5 Va.App. 389, 397, 363 S.E.2d 440, 445 (1987) (citing Code § 16.1-123.1, which defines the jurisdiction of general district courts to adjudicate misdemeanor criminal offenses and traffic violations); see also Painter v. Commonwealth, 47 Va.App. 225, 233, 623 S.E.2d 408, 412 (2005). Instead, a general district court judge conducts preliminary hearings of felony charges solely to assess, in that judge’s view, whether those felony charges are sufficiently supported by probable cause. See Moore v. Commonwealth, 218 Va. 388, 391, 237 S.E.2d 187, 190 (1977). To that end, Code § 19.2-186 simply authorizes the general district court judge to “discharge the accused if [the judge] considers that there is not sufficient cause for charging him with the offense.”
According to the case law interpreting Code § 19.2-186, “a mere dismissal of a felony warrant at a preliminary hearing indicates only a finding of lack of probable cause” and “discharge cannot operate as an acquittal, or finding of not guilty,” of that charge or charges. Moore, 218 Va. at 393, 237 S.E.2d at 191. It does not matter if the general district court judge explains why sufficient cause is lacking (as here) or provides no explanation at all. The effect is the same. In either event, the Commonwealth still has the opportunity to demonstrate sufficient cause to a grand jury by way of obtaining a direct indictment. Id.
Regardless of whether and why the general district court believed there was not sufficient probable cause for the felony charges, a grand jury still could — and did — override that view and indict Davis on those same felony charges. If a general district court judge’s basis for rejecting sufficient cause to support felony charges cannot prevent a grand jury from later indicting the defendant on those same felony charges, then a general district court judge’s view on that issue surely cannot prevent a jury from convicting the defendant of those same offenses beyond a reasonable doubt. Yet Davis’s argument on appeal, boiled down to its essence, directly contradicts this common sense.
*61 II. The General District Court Issued a General Verdict
Davis identifies only one charge that the general district court judge actually had authority to decide in a final judgment — the misdemeanor reckless handling of a firearm charge. See Code § 16.1 — 123.1(l)(b) (granting the general district courts exclusive original jurisdiction to adjudicate misdemeanor criminal offenses). However, the record shows that the general district court issued the type of generalized, nonspecific acquittal that cannot alone establish collateral estoppel. See Rice, 57 Va.App. at 443, 703 S.E.2d at 258. Nevertheless, Davis claims that the circuit court jury (which ultimately convicted Davis of first-degree murder and attempted first-degree murder) was prevented from even considering whether Davis could have been the shooter. In support of this claim, Davis seeks to piggyback on the general district court judge’s comments explaining why the felony charges were not certified to a grand jury. The general district court judge stated:
On the issue of probable cause, clearly the Commonwealth has met its burden as to whether a felony was committed or not-felonies. On the issue of whether or not [the Commonwealth has] shown it reasonable to believe Mr. Davis was the one that fired the weapon, I find that you have not met that burden, and I find no probable cause.
On the misdemeanor charge as to whether or not [the Commonwealth has] proven the case beyond a reasonable doubt, I would find that you have not. I’m going to find him not guilty of that charge.
(Emphasis added). However, the general district court judge’s view concerning probable cause was not a final decision for purposes of achieving the bar of collateral estoppel against any further prosecution on the theory that Davis was the triggerman.
Davis relies on the fact that the preliminary hearing for the felony charges and the trial on the merits for the misdemean- or reckless handling of a firearm charge were consolidated in the same proceeding in the general district court. As the *62 Supreme Court has explained, however, “a preliminary hearing is essentially a screening process” — not an actual trial. Moore, 218 Va. at 391, 237 S.E.2d at 191. The general district court judge’s function in the misdemeanor trial was different than his function in the preliminary hearing. Clearly, the general district court judge made his lone comment describing the evidence in this case while addressing the issue of probable cause — i.e., the preliminary hearing portion of its bench ruling. The general district court judge never repeated or even referenced this comment when it acquitted Davis of misdemeanor reckless handing of a firearm.
In short, this case is largely about the proper limits of judicial power, particularly with regard to a court not of record. Indisputably, a judge of a court not of record (such as the general district court judge here) lacks jurisdiction to render a verdict on felony charges. See Code §§ 16.1-123.1 and 19.2-186. However, the doctrine of collateral estoppel potentially supplies a judge of a court not of record with de facto power to decide a felony case and essentially acquit a felony defendant — if that judge makes certain findings in a final decision in a misdemeanor case that then serve to preclude factual issues being considered by the factfinder in a later felony trial. Viewed from this perspective, the findings of judges of courts not of record potentially can have broad, far-reaching, and perhaps unforeseen consequences on later proceedings.[16] This de facto extension of the power of judges *63 of courts not of record certainly should not be extended even further to include their rulings addressing probable cause for felony charges — where courts not of record have no authority to issue final decisions. See Restatement of Judgments (Second) § 28(3) (explaining that an issue should not be precluded from further litigation when “[a] new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them”).
In addition, the United States Supreme Court has further explained that collateral estoppel, which it noted had originated as a civil law doctrine, should be applied cautiously in the context of criminal law. See Standefer v. United States, 447 U.S. 10, 21-22, 100 S.Ct. 1999, 2006-07, 64 L.Ed.2d 689 (1980). Even though the facts in Standefer are certainly different than in this case, the Supreme Court explained that the unavailability of an appeal of an acquittal in a criminal case — unlike either party’s ability to appeal an adverse judgment in a civil case — is a factor that “strongly militates against giving an acquittal preclusive effect.” Id. at 23, 100 S.Ct. at 2007. Given the significant consequences of a collateral estoppel defense on a felony criminal prosecution (such as this case), I would certainly require that the record show that the precise issue the defendant seeks to bar has been clearly and manifestly decided with a final decision in the prior proceeding. Case law governing collateral estoppel already requires no less. See Schiro, 510 U.S. at 236, 114 S.Ct. at 792 (requiring a showing that the issue that the defendant seeks to preclude “was actually and necessarily decided in the defendant’s favor” in the prior proceeding). Consistent with this standard, I would not hold that collateral estoppel applied in this case to the issue of Davis being the triggerman unless: (1) the *64 general district court judge found while actually rendering the verdict in the misdemeanor case that the precise basis for the acquittal was that Davis did not handle the firearm, or (2) the record was manifest that there could be no other possible basis for a general acquittal in the misdemeanor case. As neither of those circumstances is apparent from the record here, I would hold that collateral estoppel does not apply in this case.
Here, the general district court judge could have explained why he was acquitting Davis of misdemeanor reckless handling of a firearm. However, he did not. The general district court judge also could have incorporated his comments on felony probable cause by reference when delivering his verdict on the misdemeanor charge, but, again, he did not.
If the general district court judge (a judge of a court not of record) was deciding the misdemeanor charge on the specific basis that Davis did not handle the firearm in question and was not the shooter, then the judge easily could have — and should have — said, while actually rendering the verdict on the misdemeanor offense, that this was the precise factual basis for rendering his not guilty verdict. Since the general district court did not actually do so, I would hold that the transcript of the general district court proceedings establishes nothing more than a general verdict and that the record supports a possible basis for acquittal other than a conclusion that Davis was not the triggerman.
III. Collateral Estoppel Does Not Apply
The United States Supreme Court has held:
[Wjhere a previous judgment of acquittal was based on a general verdict, courts must “examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict on an issue other than that which the defendant seeks to foreclose from consideration.”
*65 Dowling, 493 U.S. at 350, 110 S.Ct. at 673 (quoting Ashe, 397 U.S. at 444, 90 S.Ct. at 1194). Thus, if it appears that a rational factfinder could have based its verdict in the prior proceeding on resolution of an issue other than the issue that the defendant seeks to foreclose from consideration in the later proceeding, “then collateral estoppel does not apply.” Rice, 57 Va.App. at 443, 703 S.E.2d at 258.
At the December 16, 2008 hearing in the general district court, witness T.J. testified that he was present when the shooting occurred during the early morning hours of November 8, 2008. T.J. testified that the shooter wore black, held a gun about fifteen or twenty feet away from the vehicle that was occupied by the murder victim and others, and began firing at that vehicle. Although T.J. testified that he could not identify Davis (or anyone else) as the shooter, T.J. also testified that he quickly ducked and began to flee the scene as soon as the shooting began. Davis’s co-defendant J.G. also testified at the general district court hearing. According to J.G., Davis was dressed in a “black label shirt,” “black jeans,” and “black shoes” when the shooting occurred.
Viewing the evidence in the light most favorable to the Commonwealth, “as we must since it was the prevailing party” below, Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), a rational factfinder could consider the combined strength of T.J.’s and J.G.’s testimony and conclude that Davis was the shooter. Those witnesses’ testimony establishes that the shooter was wearing black and that Davis was wearing black — creating a reasonable inference that Davis was the shooter. This inference draws further support from the testimony of another witness J.B. (the mother of Davis’s child), who testified that several individuals associated with Davis were near the occupied vehicle and were beating on it shortly before the shooting began — but that Davis apparently was not. J.G. actually confirmed this testimony, explaining that Davis was not among those people who were positioned near the vehicle at that time. The fact that Davis was not observed beating on the vehicle reinforces the inference that Davis was the shooter in black, standing about fifteen to *66 twenty feet from the occupied vehicle — or so a rational trier of fact could find.[17]
On this record, the general district court’s general acquittal of Davis on the misdemeanor reckless handing of a firearm charge does not mean that a rational factfinder in the general district court judge’s shoes would actually and necessarily decide that Davis simply was not the shooter. See Schiro, 510 U.S. at 236, 114 S.Ct. at 792; Rhodes, 223 Va. at 749, 292 S.E.2d at 376. Instead, a rational factfinder with knowledge of the law could find more narrowly that the elements for the specific offense of misdemeanor reckless handling of a firearm had not been satisfied.[18]
I disagree with the majority’s conclusion that the Supreme Court’s decision in Lee v. Commonwealth, 219 Va. 1108, 254 S.E.2d 126 (1979), is controlling on the facts in this case. On *67 the contrary, the Supreme Court expressly stated in Lee that its holding “is strictly confined to the facts as detailed in the stipulation filed” by the parties in that case. Id. at 1111, 254 S.E.2d at 127-28. There, the parties stipulated that the general district court granted Lee’s motion to strike in a misdemeanor case on the precise factual issue that Lee later sought to foreclose in the circuit court under the doctrine of collateral estoppel. Id. at 1109-10, 254 S.E.2d at 127. Here, by contrast, no such stipulation exists — and nothing stated by the general district court judge in his verdict on the misdemeanor charge actually and necessarily forecloses the allegation that Davis was the shooter in question.[19] Accordingly, I would hold that collateral estoppel is not available to Davis— neither under the holding in Lee nor under the holding in any other decision that is binding on this Court.
*68 IV. Conclusion
In this case, the general district court judge issued a general verdict acquitting Davis of misdemeanor reckless handling of a firearm. The general district court judge did not explain why he was acquitting Davis of that charge when he acquitted him. That judge’s comments explaining why he also was not certifying felony charges to a grand jury cannot support Davis’s claim of collateral estoppel — given that a judge of a court not of record cannot render final decisions on felony charges. Based on the record in this case, a rational factfinder could have acquitted Davis of misdemeanor reckless handing of a firearm without also finding that Davis was not the shooter. Therefore, Davis fails to satisfy the burden of a collateral estoppel defense — and the Supreme Court’s decision in Lee is not controlling here because the Supreme Court limited that decision to the facts of that case, in which the general district court judge acquitted Lee of the misdemeanor charge for the specific reason on which collateral estoppel in the circuit court was based. Accordingly, for the foregoing reasons, I respectfully dissent from the majority opinion and would affirm the circuit court jury’s convictions of Davis for first-degree murder and attempted first-degree murder.[20]

. For example, a defendant is charged with misdemeanor trespass and is prosecuted and acquitted in general district court, where (as here) the proceeding happens to be transcribed. Later, a dead body is discovered on the property, evidence establishes that the victim was on the property at the same time that the defendant previously had been alleged to be there in the trespassing case, and DNA evidence connects the defendant with the murder. However, if today's decision were applied to those facts, a murder prosecution could forever be barred under collateral estoppel due to the misdemeanor trespassing acquittal in the general district court — even if the general district court judge did not clearly state, while rendering the final judgment of acquittal on the trespassing charge, that the specific basis for the misdemeanor acquittal was a finding that the defendant was not present on the property at the time alleged in the trespassing warrant. Because of the far-reaching *63 consequences of the collateral estoppel doctrine in a criminal case, I would (1) require judges of courts not of record to state such preclusive findings — in order for collateral estoppel to apply — while rendering a final decision in a misdemeanor case or (2) otherwise require that the record be manifest that there could be no other possible basis for the general acquittal.

. There was considerably more evidence of Davis’s guilt as the trigger-man in these crimes produced at the trial in circuit court. This analysis relies only on such evidence that was presented in the general district court proceeding.

. The Commonwealth, after all, presented no evidence at the December 16, 2008 hearing concerning how the shooter handled the firearm— other than TJ.’s testimony that the shooter held the firearm in a manner that T.J. demonstrated to the general district court judge and then fired "[a] lot of shots.” Viewing the evidence in the light most favorable to the Commonwealth (as we must since it prevailed below), a rational factfinder could conclude that Davis shot and killed the murder victim in a manner that was premeditated — but was not necessarily reckless. See Darnell v. Commonwealth, 6 Va.App. 485, 491, 370 S.E.2d 717, 720 (1988) (defining conduct as “reckless” when it occurs " 'although no harm was intended' ” (quoting Black’s Law Dictionary 1142 (5th ed.1979))); see also Mangano v. Commonwealth, 44 Va.App. 210, 217, 604 S.E.2d 118, 121 (2004) ("The culpable conduct necessary for reckless conduct falls between the criminal negligence necessary for involuntary manslaughter and ordinary negligence.”). Here, Deputy R.L. Shears testified at the hearing in the general district court that, when he arrived on the scene, he observed "several bullet holes to the rear of the vehicle, to the driver’s side of the vehicle, and bullet holes to the passenger side of the vehicle.” Contra Bailey v. Commonwealth, 5 Va.App. 331, 336, 362 S.E.2d 750, 752 (1987) (where the defendant, while "horseplaying,” pointed his gun at the victim — accidentally killing the victim when the gun fired). In short, here there were many bullets fired at the vehicle and its occupants.

. Davis's counsel did not even cite any specific ground in support of his motion to dismiss the misdemeanor reckless handling of a firearm charge. Indeed, the argument made by Davis's counsel in the general district court for dismissing the misdemeanor reckless handling of a firearm charge was no more specific than the general verdict announced by the general district court judge in acquitting Davis on that charge. While Davis’s counsel asserted that the felony charges should not be certified to a grand jury because the Commonwealth's evidence as to those charges did not establish Davis's criminal agency, Davis’s counsel only stated a general argument pertaining to the misdemeanor charge. Davis's counsel merely argued that the misdemeanor reckless handling of a firearm charge should be dismissed "because the Commonwealth has not met its evidence on that matter as well.” The circumstances of this case are different than those in Lee, where the record established "the express language of the stipulation that the judgment of dismissal” rendered by the general district court judge in that case "was based on insufficiency of the evidence, the particular ground assigned by defendant in his motion to dismiss.” Lee, 219 Va. at 1111, 254 S.E.2d at 127 (emphasis added); see also Simon v. Commonwealth, 220 Va. 412, 419, 258 S.E.2d 567, 572 (1979) (where, in a misdemeanor DUI case, a transcript of the general district court proceedings showed that Simon's counsel moved to strike the Commonwealth’s evidence on the specific basis that the evidence "was insufficient, as a matter of law, to establish that [Simon] was intoxicated while operating a motor vehicle” and the general district court judge granted the motion to strike on this specific basis). Thus, unlike in this case, in Lee it was clearly established that the general district court judge specifically issued a final decision on the precise issue for which Lee sought the preclusive effect of collateral estoppel.

. As I would hold that Davis's second and third assignments of error have no merit, I would also affirm the judgment of the circuit court as to those assignments of error.