COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Humphreys and Chafin
Argued at Chesapeake, Virginia

UNPUBLISHED

WESLEY DARREN WALKER

                                         MEMORANDUM OPINION[*] BY

v.      Record No. 1050-13-1                  JUDGE ROBERT P. FRANK
                                                 APRIL 1, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John R. Doyle, III, Judge

Amanda E. Burks for appellant.

Susan Mozley Harris, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

Wesley Darren Walker, appellant, was convicted, in a jury trial, of possession of a

firearm by a non-violent felon in violation of Code § 18.2-308.2. On appeal, he contends that the

doctrine of collateral estoppel bars his prosecution for this offense when he was previously

acquitted of murder and use of a firearm in the commission of a felony, all arising out of the

same incident. Essentially, he contends the acquittal of the earlier firearm charge necessarily

established he did not possess the firearm. For the reasons stated, we affirm the judgment of the

trial court.

BACKGROUND

Appellant and Richard Harris were arguing in front of a barbershop. Harris's girlfriend,

Mikala Bunch, testified appellant threw a punch at Harris but missed. After an exchange of

blows, Bunch saw appellant pull a gun from his waistline. Harris ran for cover into the parking

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

lot.  Appellant chased Harris until the men stopped behind Bunch's car and began to struggle.  Bunch saw Harris try to hold appellant's arm down in order to prevent him from raising it and shooting.  Bunch testified that when Harris backed up and hit appellant's arm with his hand, appellant shot Harris.

Harris then ran into the barbershop, and appellant continued to chase Harris.  Bunch observed that Harris had been shot.  Harris identified appellant as the shooter.  Harris later died from the gunshot wound.  Bunch testified Harris did not have a gun in his possession when they drove to the barbershop.

Appellant testified he and Harris were "fussing" in the barbershop and that when they went outside, he "wasn't trying to back down from [Harris]."  However, appellant denied pulling a gun from his waistline, maintaining Harris had reached into his pants and pulled out a gun.  Appellant stated he grabbed the gun from Harris.  He admitted he had chased Harris through the parking lot with the gun, but he said he kept the gun at his side, never pointing it at Harris.

Appellant further testified Harris demanded that appellant return his gun, but appellant refused.  Another struggle ensued.  Appellant testified the gun "went off."  Appellant admitted he still had possession of the gun when he noticed Bunch and the child standing nearby.  He explained that he had the gun in his hand because he "wasn't thinking."

Warrants for all of the felonies were obtained at the same time.

Appellant was indicted for three felonies arising from the above incident:  first-degree murder, use of a firearm in the commission of first-degree murder, and possession of a firearm by a felon.

Before the commencement of the trial, the trial court granted appellant's motion to sever the felon in possession of a firearm charge from the other two felonies.[1]

The jury acquitted appellant of the murder and use of a firearm charges.

On April 3, 2013, appellant was tried by a jury for possession of a firearm by a convicted non-violent felon. The jury found appellant guilty.

This appeal follows.

ANALYSIS

Appellant's sole argument on appeal is that collateral estoppel barred his prosecution for possession of a firearm by a convicted felon. As a corollary, he claims that doctrine also bars the Commonwealth from adducing evidence already presented in the prior trial for murder and use of a firearm. We reject both of these contentions.

In response to this argument, the Commonwealth contends collateral estoppel is not applicable because all of the felonies were tried simultaneously. Therefore, the trial on the charge of possession of a firearm by a convicted felon was not a "subsequent prosecution." The Commonwealth also maintains that the jury could have acquitted appellant of the other felonies for a number of reasons other than that appellant did not possess the firearm.

> Collateral estoppel is a doctrine of fact preclusion "embodied in the Fifth Amendment protection against double jeopardy." Simon v. Commonwealth, 220 Va. 412, 415, 258 S.E.2d 567, 569 (1979). The doctrine essentially holds "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). If the previous judgment of acquittal was based upon a general verdict,[2] the trial court is required to "examine the record of a prior

---

[1] In a jury trial, a trial court abuses its discretion in not severing a possession of a firearm by a convicted felon charge from other felony charges. Johnson v. Commonwealth, 20 Va. App. 49, 56, 455 S.E.2d 261, 265 (1995).

[2] A general verdict is one "by which the jury finds in favor of one party or the other, as opposed to resolving specific fact questions." Black's Law Dictionary 1696 (9th ed. 2009).

proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." Id. at 444. If it appears that the jury could have done so, then collateral estoppel does not apply. Id.

Rice v. Commonwealth, 57 Va. App. 437, 442-43, 703 S.E.2d 254, 257 (2011).

The party seeking the protection of collateral estoppel carries the burden of showing that the verdict in the prior action necessarily decided the precise issue he seeks to now preclude. Rhodes v. Commonwealth, 223 Va. 743, 749, 292 S.E.2d 373, 376 (1982).

However, before the doctrine of collateral estoppel may be applied, four requirements must be met: (1) the parties to the two proceedings must be the same; (2) the factual issue sought to be litigated must have been actually litigated in the prior proceeding; (3) the factual issue must have been essential to the judgment rendered in the prior proceeding; and (4) the prior proceeding must have resulted in a valid, final judgment against the party to whom the doctrine is sought to be applied. Glasco v. Ballard, 249 Va. 61, 64, 452 S.E.2d 854, 855 (1995); see also Bates v. Devers, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974).[3]

The Supreme Court of Virginia has noted the difficulty of meeting these requirements, stating that since the principle of collateral estoppel was first enunciated (by the United States Supreme Court, in Ashe v. Swenson, 397 U.S. 436 (1970)), "numerous attempts to invoke the doctrine have met with little success." Jones v. Commonwealth, 217 Va. 231, 233, 228 S.E.2d 127, 128 (1976). This was no surprise, as Ashe "was the rare case where it was possible to determine with certainty what the jury in the earlier prosecution had decided." Id. (quoting United States v. Cioffi, 487 F.2d 492, 498 (1973), cert. denied, 416 U.S. 995 (1974)).

---

[3] The only requirements at issue on appeal are (2) and (3).

- 4 -

"An acquittal, 'standing alone, does not permit a conclusion with respect' to a court's findings or rationale." Rice, 57 Va. App. at 433, 703 S.E.2d at 257 (quoting Copeland v. Commonwealth, 13 Va. App. 450, 453, 412 S.E.2d 468, 470 (1991)). "'Since it is usually impossible to determine with any precision upon what basis the jury reached a verdict in a criminal case, it is a rare situation in which the collateral estoppel defense will be available to a defendant.'" Jones, 217 Va. at 233, 228 S.E.2d at 128-29 (quoting United States v. Tramunti, 500 F.2d 1334, 1346, cert. denied, 419 U.S. 1079 (1974)).

When grounds for a dismissal are not assigned and do not otherwise appear of record, the doctrine of collateral estoppel will not be applied, because the defendant, "the party seeking the protection of collateral estoppel[,] bears the burden of proving that the precise issue or question he seeks to preclude was raised and determined in the first action." Clodfelter v. Commonwealth, 218 Va. 98, 106, 235 S.E.2d 340, 345 (1977). "The doctrine . . . does not apply if it appears that the prior judgment could have been grounded 'upon an issue other than that which the defendant seeks to foreclose from consideration.'" Lee v. Commonwealth, 219 Va. 1108, 1111, 254 S.E.2d 126, 127 (1979) (quoting Ashe, 397 U.S. at 444). "Collateral estoppel becomes applicable only when the prior acquittal necessarily resolved the issue now in litigation." Simon, 220 Va. at 418, 258 S.E.2d at 571.

Thus, for collateral estoppel to bar prosecution in the instant case, appellant must prove that his acquittal on the use of a firearm charge was premised on a specific finding that appellant did not possess the weapon. Appellant failed to do so.

There are a number of possible reasons for appellant's acquittal. In order for appellant to have been convicted of use of firearm in the commission of a felony, the Commonwealth was required to prove appellant was guilty of murder. See Code § 18.2-53.1. "'[A] violation [of Code § 18.2-53.1] occurs only when a firearm is used with respect to the [statutorily] specified

felonies.'" Johnson v. Commonwealth, 20 Va. App. 547, 554, 458 S.E.2d 599, 602 (1995) (quoting Bundy v. Commonwealth, 220 Va. 485, 488, 259 S.E.2d 826, 828 (1979)). However, there was conflicting testimony about the incident. If the jury believed appellant's testimony, it could have concluded appellant shot Harris accidentally.[4] By acquitting appellant of first-degree murder, they necessarily had to acquit appellant of the firearm charge, without ever determining whether appellant possessed the firearm. See Code § 18.2-53.1.

We conclude appellant failed to prove that the exact issue he now seeks to preclude was decided in the murder trial. We can conclude from the record of the prior trial that, in the language of Ashe, "a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." 397 U.S. at 444. Accordingly, we reject appellant's allegation that the doctrine of collateral estoppel prevented the Commonwealth from showing in the present case that appellant possessed the firearm. See Jones, 217 Va. at 237, 228 S.E.2d at 131.

Appellant next argues that collateral estoppel bars not only the prosecution of the felon in possession of a firearm charge, but also the testimony of Ms. Bunch, Harris's girlfriend. Appellant contends the doctrine should have prevented the Commonwealth "from introducing evidence to prove an offense for which a defendant has been previously acquitted." Simon, 220 Va. at 417, 258 S.E.2d at 571. For the reasons already stated above, this argument also fails. Therefore, we reject appellant's contention that collateral estoppel bars the testimony of Bunch.[5]

---

[4] The jury was instructed on accidental killing. They were also given the option to convict appellant of first-degree murder, second-degree murder, or voluntary manslaughter.

[5] Because we find that appellant failed to show that the jury necessarily found he did not possess a firearm, thus not proving collateral estoppel, we need not address whether his trial on the charge of possession of a firearm by a convicted felon is a subsequent prosecution.

CONCLUSION

We conclude appellant cannot prevail in his collateral estoppel argument, because he failed to meet his burden to prove that the jury in the prior trial necessarily found he did not possess the firearm. Therefore, appellant's trial and conviction for the possession of a firearm by a non-violent felon charge were not barred by collateral estoppel.

<u>Affirmed.</u>