UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Alston, Chafin and Senior Judge Haley


ERIC PERRY GROO

MEMORANDUM OPINION[*]

v.      Record No. 0408-15-4              PER CURIAM
                                         AUGUST 11, 2015

JANINE MARY BURTON


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David S. Schell, Judge

(Katelin T. Moomau; Shannon L. Kroeger; Rich Rosenthal
Brincefield Manitta Dzubin & Kroeger, LLP, on briefs), for
appellant.

(Douglas E. Bywater; Tate Bywater Fuller Mickelsen & Tull, PLC,
on brief), for appellee.


Eric Groo (father) filed a motion to modify custody and visitation. He appeals an order

granting the motion of Janine Burton (mother) to strike his evidence. Father argues that the trial

court erred by (1) granting the motion to strike after mother "entered physical evidence for her case

in chief into the record and did not rest her case;" (2) granting the motion to strike after mother

"called a witness for direct exam, but did not rest her case in chief before the motion to strike was

granted;" (3) suggesting to mother's counsel "that he offer a motion to strike;" (4) not viewing the

evidence in the light most favorable to father before granting the motion to strike; (5) holding there

was no material change in circumstances when mother's motion to modify visitation states there

was a material change in circumstances; (6) not ruling on mother's motion to modify visitation;

(7) holding there was no material change in circumstances based on mother's relocation; (8) holding

there was no material change in circumstances based on father's relocation; (9) holding there was no

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

material change in circumstances based on mother's "unreasonable denial of visitation" to father; (10) holding there was no material change in circumstances based on mother's "alienation of the children" from father; (11) holding there was no material change in circumstances based on mother's "neglect in treating the minor children's mental and physical ailments;" (12) holding there was no material change in circumstances based on mother's "refusal to co-parent and informing and resolving problems relating to the children with [father] in violation of the previous court order;" (13) holding there was no material change in circumstances based on the ages of the children; and (14) not allowing Bruce Wyman to testify as an expert witness. Mother assigns cross-error and argues that the trial court erred in granting father leave to file an appeal because the trial court did not have jurisdiction pursuant to Code § 8.01-428(C) to grant such leave. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

On appeal, the Court, in reviewing the ruling to strike a plaintiff's evidence "must view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff." Economopoulos v. Kolaitis, 259 Va. 806, 814, 528 S.E.2d 714, 719 (2000) (citing West v. Critzer, 238 Va. 356, 357, 383 S.E.2d 726, 727 (1989)).

The parties have two minor children. In November 2008, the parties separated, and on May 28, 2009, they entered into a property settlement agreement, which included provisions for custody and visitation.[1] The trial court incorporated the property settlement agreement into the parties' final decree of divorce on January 12, 2010. In an amendment dated May 10, 2011, the parties agreed to modify portions of their property settlement agreement, including the visitation

---

[1] The parties agreed that mother would have sole legal and physical custody of the children.

schedule. On June 3, 2011, the trial court entered an order incorporating the parties' amendment to their property settlement agreement.

In December 2011, the parties signed a second amendment to the property settlement agreement and modified father's visitation. The second amendment was incorporated into an order on December 15, 2011.

Both parties moved since the December 2011 second amendment. Mother moved from Christiansburg to Loudoun County. Beginning in August 2012, and for the following seventeen months, father lived and worked in Afghanistan and Chile. In January 2014, he returned to the United States. He lived with his sister and friends temporarily before he found employment and a residence in Northern Virginia, near mother and the children.

On April 11, 2014, mother filed a "Motion for Change of Visitation" and asked that father not have any overnight visitation with the children until he "has a place of residence that provides a safe and appropriate environment for the children."

On May 30, 2014, father filed a "Counter Motion for Modification of Custody and Visitation." He alleged that mother withheld visitation, violated the right of first refusal, did not seek counseling for a child's anxiety issues, did not seek appropriate treatment for a child's allergies, disparaged father in front of the children, and failed to perform her homeschooling obligations. He asked the trial court to award him sole legal and physical custody, or in the alternative, shared legal and/or physical custody, as well as an enlarged visitation schedule.

Both motions were scheduled to be heard on September 17, 2014. At the beginning of the trial, father's counsel informed the trial court that father would be "putting on the case-in-chief" because mother felt that her motion was "somewhat moot now that [father] has permanent housing." Mother's counsel concurred that since father obtained permanent housing, she would not be pursuing her request to restrict overnight visitation. Furthermore, mother told

the trial court that she had an expert witness from Oregon to testify about homeschooling. She asked the trial court if the witness could be taken out of order. Father's counsel stated, "I have no objection to his being taken out of order."

After opening statements, mother's expert, Dr. Brian D. Ray, testified. At the conclusion of his testimony, he was excused, and father testified. Then, father called Bruce Wyman, who was qualified as an expert in the counseling of mental health issues involving children. The trial court limited Wyman's testimony by holding that Wyman could not testify about the mental health of the parties' children since he had not seen them. Father told the trial court that he wanted Wyman "to generally describe what the symptoms are for children that do have anxiety based on his past experience." He also wanted Wyman to explain the standard assessment and treatment for a child with anxiety. Mother objected, and the trial court sustained mother's objection because "general information is of no help to the court." The trial court noted that each child is an individual who had different needs. After receiving the trial court's ruling limiting Wyman's testimony, father did not ask any further questions of him. Lastly, father called his friend, Esther DuToit, to testify about his parenting style.

When DuToit finished testifying, the trial court asked father, "Does that conclude all witnesses for the father?" Father's counsel responded, "That concludes all my direct case in chief." The trial court then asked mother, "Does counsel for the mother have any motions?" Mother made a motion to strike and argued that there had not been a change in circumstances since the last order was entered. Father argued that there had been multiple changes in the circumstances of the parties and children. The trial court agreed with mother. It found that there had been no material change in circumstances since the last order and granted mother's motion to strike. The trial court entered an order memorializing its ruling on October 24, 2014.

On November 10, 2014, father filed a motion to reconsider and requested that the trial court stay the October 24, 2014 order. On November 14, 2014, the trial court entered an order to stay the October 24, 2014 order. On December 4, 2014, the trial court entered an order denying father's motion to reconsider. The trial court waived counsel's endorsement of the December 4, 2014 order. On February 4, 2015, father filed a "Motion to Modify, Vacate or Suspend Order Denying Motion for Reconsideration" pursuant to Code § 8.01-428.[2] He stated that he received no notice of the entry of the December 4, 2014 order. On February 2, 2015, the trial court entered an order that suspended the December 4, 2014 order pursuant to Code § 8.01-428. Mother subsequently filed a memorandum in opposition to father's motion and argued that the trial court no longer had jurisdiction over the matter.

On February 20, 2015, the parties appeared before the trial court. After hearing argument, the trial court held that it had jurisdiction and, pursuant to Code § 8.01-428, it granted father leave to file an appeal within thirty days of its ruling. The trial court entered an order on the same day. This appeal followed.

ANALYSIS

*Code § 8.01-428(C) – Mother's cross-error*

Mother argues that the trial court erred in granting father leave to file an appeal because the trial court did not have jurisdiction under Code § 8.01-428(C) to grant such leave.

Code § 8.01-428(C) states:

> If counsel, or a party not represented by counsel, who is not in default in a circuit court is not notified by any means of the entry of a final order and the circuit court is satisfied that such lack of notice (i) did not result from a failure to exercise due diligence on the part of that party and (ii) denied that party an opportunity to pursue post-trial relief in the circuit court or to file an appeal therefrom, the circuit court may, within 60 days of the entry of

---

[2] The motion was dated February 2, 2015, but not marked as filed in the clerk's office until February 4, 2015.

such order, modify, vacate, or suspend the order or grant the party leave to appeal. Where the circuit court grants the party leave to appeal, the computation of time for noting and perfecting an appeal shall run from the entry of such order, and such order shall have no other effect.

The trial court entered the order granting mother's motion to strike on October 24, 2014. Father timely filed a motion to reconsider, and the trial court entered an order staying the October 24, 2014 order. On December 4, 2014, the trial court denied the motion to reconsider. Counsel did not receive notice that the trial court entered the December 4, 2014 order.

Mother argues that father had thirty days from the December 4, 2014 order to note his appeal, or in the alternative, sixty days from the October 24, 2014 order to file a motion pursuant to Code § 8.01-428(C). She contends Code § 8.01-428(C) specifically refers to the "final order," which, according to mother, would be the October 24, 2014 order.

Rule 5A:3(a) explains:

> The time period for filing the notice of appeal is not extended by the filing of a motion for a new trial, a petition for rehearing, or a like pleading unless the final judgment is modified, vacated, or suspended by the trial court pursuant to Rule 1:1, in which case the time for filing shall be computed from the date of the final judgment entered following such modification, vacation, or suspension.

Therefore, since the trial court stayed the October 24, 2014 order, the December 4, 2014 order was the final order when it denied the motion to reconsider.

Contrary to mother's arguments, the trial court had jurisdiction to consider father's motion pursuant to Code § 8.01-428(C). The trial court acted within sixty days of its entry of the December 4, 2014 order when it suspended that order pursuant to Code § 8.01-428(C). The trial court subsequently extended the deadline for father to note his appeal when it entered the February 20, 2015 order.

> A trial court may enter an order under Code § 8.01-428(C) extending a party's time to notice an appeal if that party received

- 6 -

> no notification, by any means, of the entry of a final order and the circuit court "is satisfied that such lack of notice (i) did not result from a failure to exercise due diligence on the part of that party and (ii) denied that party an opportunity to file an appeal therefrom . . . ."

Rose v. Jaques, 268 Va. 137, 147, 597 S.E.2d 64, 70 (2004) (quoting Code § 8.01-428(C)).

The trial court found that father did not receive notice of the December 4, 2014 order. The trial court held that the lack of notice was not a result of father's failure to exercise due diligence. The trial court also recognized that father would lose his right to appeal if it did not allow the extension. Accordingly, the trial court did not err in granting father an extension to file his appeal pursuant to Code § 8.01-428(C).

*Motion to strike – Father's assignments of error 1, 2, 3, and 4*

Father argues that the trial court erred in granting the motion to strike. We disagree. First, father argues that the trial court should not have granted the motion to strike because mother called a witness, presented evidence, and did not rest her case. Although mother filed the first motion to modify visitation, both parties informed the trial court that she would not be proceeding on her motion because father had suitable housing as of the trial date. Therefore, father was the moving party. However, as a courtesy to mother and her expert witness, father agreed to allow her expert witness to testify first. Mother explained that the witness was from out of state, and she wanted to "preserve his testimony" for any future issues regarding homeschooling. Before the witness testified, father twice confirmed with the trial court that he did not object to the witness being called out of order. Since father agreed to allow mother's witness to testify first, he cannot argue on appeal that the trial court erred in granting mother's motion to strike because she presented evidence from the witness.

Father is approbating and reprobating by agreeing to the order of the witnesses during trial and objecting to the procedure on appeal. "A litigant is not allowed to 'approbate and reprobate.'

This Court has stated that a party may not 'in the course of the same litigation occupy inconsistent positions.'" Matthew v. Matthews, 277 Va. 522, 528, 675 S.E.2d 157, 160 (2009) (quoting Hurley v. Bennett, 163 Va. 241, 252, 176 S.E. 171, 175 (1934)); see also Rice v. Commonwealth, 57 Va. App. 437, 441 n.1, 703 S.E.2d 254, 256 n.1 (2011) ("A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory."). Consequently, this Court will not consider father's first two assignments of error.

Next, father argues that the trial court should not have suggested to mother's counsel that counsel make a motion to strike. Contrary to father's argument, the trial court did not suggest anything to mother's counsel; instead, it simply asked, "Does counsel for the mother have any motions?" The trial court did not err in asking counsel if he had any motions.

Finally, father contends the trial court did not view the facts in the light most favorable to him when considering the motion to strike.

> The standard for reviewing a plaintiff's evidence on a motion to strike evaluates whether plaintiff has made a *prima facie* case; that is, accepting plaintiff's evidence as true and granting to it all reasonable inferences that can be derived therefrom, the trial court must determine whether it is "'conclusively apparent that plaintiff has proven no cause of action against defendant.'" Williams v. Vaughan, 214 Va. 307, 309, 199 S.E.2d 515, 517 (1973) (quoting Leath v. Richmond, Fredericksburg & Potomac R.R. Co., 162 Va. 705, 710, 174 S.E. 678, 680 (1934)).

Klein v. Klein, 49 Va. App. 478, 481, 642 S.E.2d 313, 315 (2007).

Contrary to father's arguments, the trial court applied the correct standard of review in deciding mother's motion to strike. The trial court discussed the evidence presented by father and concluded that it was insufficient to prove a material change in circumstances.

Therefore, the trial court did not err in granting the motion to strike.

*Material change in circumstances – Assignments of error 7, 8, 9, 10, 11, 12, and 13*

Father argues that the trial court erred in concluding there was no material change in circumstances warranting a change in custody and visitation.

The Court has developed a two-prong test to determine whether a custody and visitation order should be modified: "first, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the children." Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983) (citations omitted). Father had the burden of proving that a material change of circumstances had occurred since the most recent custody and visitation order. See Hughes v. Gentry, 18 Va. App. 318, 322, 443 S.E.2d 448, 451 (1994). "Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986) (citing Moyer v. Moyer, 206 Va. 899, 904, 147 S.E.2d 148, 152 (1966)).

Father testified about his visitation with the children after the last court order. In December 2011, mother and the children lived in Christiansburg, and father lived in Alexandria. In 2012 and 2013, father moved to Afghanistan and Chile for work. During the seventeen months that he was living in other countries, he saw the children for three vacations, lasting one week each, and tried to keep in touch with them via telephone and electronic means. In January 2014, father returned to the United States and, after a few months, moved near mother and the children in Loudoun County. Father resumed his visitation with the children in accordance with the December 2011 agreement. He testified about how he thought mother was not fully meeting their needs and that she was not supporting the relationship between the children and him.

At the conclusion of father's evidence, mother made a motion to strike. She argued, "And if you'll look at today's situation, there really hasn't been a change of circumstances from

the time the last orders were entered." She admitted that "a lot of things" had happened between December 2011 and the hearing in September 2014, but the parties were "kind of in the same situation" that they were in December 2011.

On the other hand, father asserted that there had been "many material changes in circumstances," including changes in their living situations, and the children's ages, activities, and schooling.

After hearing father's evidence and the parties' arguments, the trial court held that father did not prove that there had been a material change in circumstances since the last court order. The trial court stated, "There were some things that went on, but many of those were caused by the actions of the father himself, and you can't bootstrap those into a material change in circumstances." The trial court noted that visitation was still available to father, but "[i]t's just easier for him to do it now . . . ." The trial court explained, "So if you're going to come to court and ask for custody you have to be able, the burden is on you to show that there has been a real change, not that you're back from South America and you're back from Afghanistan, and now you want to have time with the children."

"Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992).

Here, the evidence supported the trial court's findings. The parties were in similar situations in September 2014 as they were in December 2011. Therefore, based on the record, the trial court did not err in concluding that there had not been a material change in circumstances since the December 2011 order.

*Rule 5A:20(e) – Assignments of error 5, 6, and 14*

In his fifth and sixth assignments of error, father argues that the trial court erred by "not ruling or withdrawing [mother's] motion for modification" and by holding there was no material change in circumstances when mother's motion suggested there was a material change in circumstances. In his fourteenth assignment of error, father argues that the trial court erred by not allowing Brian Wyman to testify as an expert witness.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Father did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law, or citation to legal authorities, or the record to fully develop his arguments for the fifth, sixth, and fourteenth assignments of error.

Father has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

We find that father's failure to comply with Rule 5A:20(e) is significant, so we will not consider the fifth, sixth, and fourteenth assignments of error. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

*Attorney's fees and costs*

Mother asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration

of the record before us, we deny her request for an award of attorney's fees and costs she incurred on appeal.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>